UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DEMARCUS ANTWAN TONEY** )<br>)<br>  **Petitioner,**   )<br>)<br>**v.**   )<br>)<br>**UNITED STATES OF AMERICA** )<br>)<br>)<br>  **Respondent.**   ) | **5:18-CV-08000-RDP**<br>**(No. 5:15-CR-274-RDP-HGD-16)** |

## MEMORANDUM OPINION

Demarcus Antwan Toney ("Petitioner") is currently in the custody of the Bureau of Prisons serving a 180-month prison sentence imposed after he pled guilty pursuant to a plea agreement to two felony counts. (Doc. # 1). Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. (*Id.*). After careful review, and for the reasons explained below, the court concludes that Petitioner's Motion is due to be denied.

**I.   Background**

In January 2017, Petitioner was sentenced to 180 months in prison following a guilty plea on two felony counts: (1) Conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) (Count One) (Docs. # 1, 5, 7); and (2) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count Thirty-Two). *Id.* Petitioner pled guilty to both counts.

As directed by 21 U.S.C. § 851(a), the government submitted an Information in 2015 detailing the state convictions supporting a sentence enhancement under § 841(b)(1)(B). (Doc. #

26 in *United States v. Toney*, 5:15-cr-00274-RDP-HNJ-16). The first conviction, criminal case number CC07-3251 in the Circuit Court of Madison County, was for felony possession of cocaine, and Petitioner was sentenced to three years custody (suspended) in 2007. (Cr. Doc. # 681 at 27); *see* Ala. Code § 13A-12-212. The second conviction, criminal case number CC07-4805 in the Circuit Court of Madison County, was also a felony possession of cocaine conviction, and Petitioner was also sentenced to three years custody (suspended) in 2007. (Cr. Doc. # 681 at 29); *see* Ala. Code § 13A-12-212. Based on the government's § 851 Information, the court determined that Petitioner qualified for an enhanced sentence for Count One under § 841(b)(1)(b), which requires a minimum sentence of 120 months if the defendant has "a prior conviction of a felony drug offense." 21 U.S.C. § 841(b)(1)(B). Petitioner was sentenced to 120 months as to Count One, plus sixty months as to Count Thirty-Two, to be served separately and consecutively, for a total of 180 months. (Cr. Doc. # 683).

On January 24, 2018, Petitioner filed this Motion under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. (Doc. # 1). Petitioner alleges that his counsel was ineffective under the two-part *Strickland* test because counsel failed to "investigate and challenge the government's pursuing an enhanced sentence pursuant to [21] U.S.C. § 851." (Doc. # 5 at 3).[1]

After review, the court concludes that Petitioner is not entitled to relief because (1) his challenge to the validity of his prior convictions is barred by the five-year limitation imposed by 21 U.S.C § 851(e), and (2) in any event, Petitioner's underlying state drug convictions were properly applied to enhance his sentence. Thus, Petitioner cannot satisfy the two-part *Strickland* test.

---

[1] Petitioner listed 28 U.S.C. § 851 as the basis for the enhanced sentence. (*See* Doc. # 1 at 5). The court believes the statute to which he was referring is 21 U.S.C. § 851. Petitioner also referenced § 841(a)(2), but the government has not charged him with violation of this statute. Rather, Petitioner was charged under §§ 841(a)(1), (b)(1)(B).

**II.     Standard of Review**

Section 2255 authorizes a federal prisoner to move the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). A § 2255 petitioner is not entitled to a hearing or post-conviction relief when his claims fail to state a cognizable claim or amount to only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F. 3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F. 3d 1213, 1217 (11th Cir. 2001).

**III.    Discussion**

The Supreme Court has held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Holmes v. United States*, 876 F.2d 1545, 1551 (11th Cir. 1989) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). This two-part test asks: (1) whether the defendant can show that "counsel's representation fell below an objective standard of reasonableness"; and (2) whether the defendant can establish prejudice by showing "that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lockhart*, 474 U.S. at 57 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)). And where, as here, "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771

3

(1970)). To be sure, "[s]crutiny of counsel's performance is 'highly deferential,' and the court indulges a 'strong presumption' that counsel's performance was reasonable." *Reese v. United States*, 2018 WL 6495085, *3 (M.D. Ala. Nov. 15, 2018) (quotation omitted). Counsel is "not ineffective for failing to raise a nonmeritorious claim." *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).

> **1.  Petitioner was not denied effective assistance of counsel because he could not have challenged the validity of the state felony drug convictions used to enhance his sentence.**

Under § 851(e), a petitioner cannot challenge a state conviction as a basis for a federal sentencing enhancement if that state conviction is more than five years old at the time the government's Information is filed. *St. Preux v. United States*, 539 F. App'x 946, 947 (11th Cir. 2013). Further, "even if [the sentencing court] had not done all that it was required" to do by § 851(b), a petitioner cannot challenge the validity of convictions used for enhancing a sentence under this section. *United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir. 1990); *see United States v. DiFalco*, 837 F.3d 1207, 1224 (11th Cir. 2016) (citation omitted).

Petitioner's counsel did not act unreasonably because Petitioner's previous convictions were over five years old at the time the government filed its Information. *Preux*, 539 F. App'x at 947; *see Munayco v. United States*, 2019 WL 2285470 (11th Cir. 2019). Further, even if the trial court had not strictly adhered to the § 851(b) inquiry, Petitioner's challenge would still be barred by § 851(e). For that reason, advancing this argument would have been (and still is) nonmeritorious. Therefore, Petitioner's counsel was not ineffective for failing to challenge the validity of Petitioner's prior convictions.

### 2. Petitioner was not denied effective assistance of counsel because his state felony drug convictions qualified for sentence enhancement.

Petitioner cites *Mathis v. United States*, 136 S. Ct. 2243 (2016), among other cases, in support of his contention that his underlying conviction for felony possession of a controlled substance under Alabama Code § 13A-12-212 was overly broad, and therefore not valid for the purposes of a sentencing enhancement. (Doc. # 5). *Mathis* decided the question of whether an Iowa burglary statute met the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"). *Mathis*, 136 S. Ct. at 2252-57; 18 U.S.C. § 924(e). But that decision says nothing about prior convictions for sentence-enhancing drug felonies, which is what is at issue in this case. Similarly, Petitioner cites *United States v. Descamps*, which involved the ACCA, and is inapplicable. *See*, 570 U.S. 254 (2013); *Reese*, 2018 WL 6495085, at *5 ("*Descamps* does not apply to determine the usability of a prior drug conviction for enhancement under § 841(b)(1)(B)."). Further, Petitioner's argument that *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016 and *United States v. Tanskley*, 848 F.3d 347, 350 (5th Cir.), supplemented, 854 F.3d 284 (5th Cir. 2017) control is also misplaced because those cases involved sentence enhancement under U.S.S.G. § 4B1.1(b), not § 841(b)(1)(B).[2]

To be sure, the Eleventh Circuit has held that a violation of Alabama Code § 13A-12-212 for drug possession qualifies as a felony drug offense for sentence enhancement. *United States v. Garrett*, 292 F. App'x 3, 7 (11th Cir. 2008). Specifically, under § 841(b)(1)(B) and at the time Petitioner was sentenced, an enhanced sentence is appropriate following a prior conviction for a "serious drug offense," defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State…that prohibits or restricts conduct

---

[2] In fact, in this case, the sentence suggested by the guidelines at issue in *Hinkle* and *Tanksley* is less than the mandatory minimum imposed by § 841(b)(1)(B) that is at issue here. (*See* Cr. Doc. # 681).

relating to narcotic drugs."[3] 18 U.S.C. § 802(44) (2012) (prior to the 2018 amendment). Here, the Petitioner's sentence was enhanced based on two prior state convictions for violating Alabama Code § 13A-12-212 for felony possession of cocaine, a narcotic. *See* 21 U.S.C § 802(17)(D). Violations of that Alabama statute carry a sentence of not less than one year and one day. Ala. Code § 13A-12-212; *see Garrett*, 292 F. App'x at 7. Petitioner received a sentence of three years in custody (suspended). Thus, the court properly enhanced Petitioner's sentence.

Because the court properly sentenced Petitioner, it was not objectively unreasonable for Petitioner's counsel to not advance a nonmeritorious claim and challenge his prior convictions or the court's use in enhancing his sentence. Nor was Petitioner in any way prejudiced by counsel's performance.

## IV.  Conclusion

Because Petitioner is unable to satisfy either element of the two-pronged *Strickland* test, this Motion (Doc. # 1) is due to be denied. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 26, 2020.

/s/ R. David Proctor
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3] The First Step Act does not apply in this case because Petitioner was sentenced before the Act was enacted. FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat. 5194, 5221; *United States v. Pubien*, 805 F. App'x 727, 730 (11th Cir. 2020).